# Nos. 16-1919, 16-1979

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

VEDERI, LLC,

*Appellant*,

v.

GOOGLE INC.,

*Cross-Appellant.*

Appeal from the Patent Trial and Appeal Board,
Appeal No. 2015-1495, *Inter Partes* Reexamination No. 95/000,681

## JOINT MOTION TO STAY APPEAL AND CROSS-APPEAL

| | |
|---|---|
| David A. Dillard | Daryl L. Joseffer |
| Robert Alan Green | *Counsel of Record* |
| Shaun Philip Lee | KING & SPALDING LLP |
| LEWIS ROCA ROTHGERBER | 1700 Pennsylvania Ave., NW |
|   CHRISTIE LLP | Washington, D.C.  20006 |
| Suite 2300 | Telephone: (202) 737-0500 |
| 655 North Central Avenue | Facsimile: (202) 626-3737 |
| Glendale, CA  91203 | djoseffer@kslaw.com |
| | |
| *Counsel for Vederi, LLC* | Adam M. Conrad |
| | KING & SPALDING LLP |
| | 100 N. Tryon St., Suite 3900 |
| | Charlotte, NC  28202 |
| | Telephone: (704) 503-2600 |
| | Facsimile: (704) 503-2622 |
| | aconrad@kslaw.com |
| | |
| | *Counsel for Google Inc.* |

June 2, 2016

# CERTIFICATE OF INTEREST

Counsel for Google Inc. certifies the following:

1. The full name of the party represented by me is Google Inc.

2. The name of the real party in interest represented by me is Google Inc.

3. Alphabet Inc., a publicly traded company (NASDAQ: GOOG, GOOGL), has more than 10% ownership of Google Inc. No publicly held company owns 10% or more of Alphabet Inc.'s stock.

4. The names of all firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court are:

   King & Spalding LLP: Daryl L. Joseffer; Adam M. Conrad; Joshua N. Mitchell

   O'Melveny & Myers LLP: Brian Berliner

   Steptoe & Johnson LLP: Sanjeet Dutta; Stephanie L. Roberts; Scott Richey

      /s/ Daryl L. Joseffer
      Daryl L. Joseffer

# CERTIFICATE OF INTEREST

Counsel for Vederi, LLC certifies the following:

1. The full name of the party represented by me is Vederi, LLC.

2. The name of the real party in interest represented by me is Vederi, LLC.

3. No publicly held company owns 10% or more of Vederi, LLC's stock.

4. The names of all firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court are:

Lewis Roca Rothgerber Christie, LLP: David A. Dillard, Robert Alan Green, Shaun Philip Lee


    /s/ David A. Dillard
    David A. Dillard

# JOINT MOTION TO STAY APPEAL AND CROSS-APPEAL

Vederi's appeal in No. 16-1919 and Google's cross-appeal in No. 16-1979 arise from a decision of the Patent Trial and Appeal Board in an *inter partes* patent reexamination. Three other reexaminations currently pending before the Board involve the same parties and closely related technologies and issues. To promote judicial economy and for the convenience of both the Court and the parties, Vederi and Google respectfully request that the Court stay the appeal and cross-appeal until the Board resolves the pending reexaminations.

## Background

In 2010, Vederi filed a complaint against Google in the U.S. District Court for the Central District of California, alleging that Google's Street View product infringes four patents: U.S. Patents Nos. 7,239,760; 7,577,316; 7,805,025; and 7,813,596. All four patents "relate to methods for creating synthesized images of a geographic area through which a user may then visually navigate via a computer." *Vederi, LLC v. Google Inc.*, 744 F.3d 1376, 1377 (Fed. Cir. 2014). The patents "share a common specification and claim priority to a common provisional patent application." *Id.*

In 2012, Google filed four requests for *inter partes* reexamination, asking the Patent and Trademark Office to invalidate all asserted claims of the four patents (and several other claims that were not asserted) based on the same seven prior art references. Those reexaminations were consecutively docketed as Nos. 95/000,681; 95/000,682; 95/000,683; and 95/000,684. The four reexaminations proceeded before two different PTO examiners, who reached inconsistent conclusions regarding certain claim-construction issues. The examiners' determinations in all four proceedings were appealed to the Board in 2013 and 2014.

Meanwhile, the district court entered a judgment of non-infringement in favor of Google. This Court, however, reversed one of the district court's claim constructions, vacated the judgment of non-infringement, and remanded the case for further proceedings. *Vederi*, 744 F.3d at 1385. The district court then granted the parties' joint motion to stay its proceedings "until the PTO concludes inter partes reexaminations and appeals for the four patents involved in this lawsuit." *Vederi, LLC v. Google, Inc.*, No. CV-10-7747, ECF No. 149 (Aug. 25, 2014). The district court proceeding remains stayed.

Reexamination No. 95/000,681 was the first of the four reexaminations to be resolved by the Board and is the subject of this appeal and cross-appeal. The other three reexaminations remain pending before the Board. Two of them, Nos. 95/000,683 and 95/000,684, were argued together on April 27, 2016, and are awaiting decision. The other, No. 95/000,682, was remanded by the Board to the examiner; the examiner issued a determination on remand on January 8, 2016, and the proceeding has been returned to the Board pursuant to 37 C.F.R. § 41.77(f).

## Argument

The Court's power to stay proceedings is incidental to its inherent power to control the disposition of cases on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see, e.g.*, *Novo Nordisk Inc. v. Paddock Labs., Inc.*, 468 F. App'x 961 (Fed. Cir. 2011) (staying appeal pending Supreme Court's decision in pending case). The Court may use that power to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

A stay is appropriate here to allow the other three reexaminations to catch up with this one by reaching final decisions from the Board that are appealable to this Court. There is significant overlap between the

technologies, prior art references, claim language, and constructions at issue in the reexaminations.  For example, all four reexaminations concern the same two prior art references: (1) Frank Yee, *GPS & Video Data Collection In Los Angeles County: A Status Report, Position Location And Navigation Symposium*, IEEE Position Location and Navigation Symp. 338–93 (1994) ("Yee"); and (2) J. Dykes, *An Approach To Virtual Environments For Visualization Using Linked Geo-referenced Panoramic Imagery, Computers, Environment and Urban Systems*, 24 Computers, Env't and Urb. Systems 127–52 (2000) ("Dykes").  All four reexaminations also concern the interpretation of limitations found in claims at issue in all four patents, including "composite image" and "wherein the images are associated with image frames acquired by an image recording device moving along a trajectory."

The Board recognized this significant overlap when it ordered that Reexamination Nos. 95/000,681 and 95/000,682 be argued together on May 13, 2015, and again when the later-docketed appeals of Reexamination Nos. 95/000,683 and 95/000,684 were argued together on April 27, 2016.

This Court, too, has found it economical to consider all four patents together. *See, e.g., Vederi,* 744 F.3d at 1377 n.1 ("As the Asserted Patents share a common specification, all citations to the specification are to the '760 patent."); *id.* at 1379 (finding claim 1 of the '760 patent to be representative of the asserted claims of all four patents).

It will therefore be much more efficient for this Court to consider appeals from all four reexaminations at the same time. Doing so will help conserve both the Court's and the parties' resources. It may also help this Court manage its large and growing docket of appeals from the Board. A stay would not prejudice either party, or delay or interfere with proceedings in the Central District of California, as that court has stayed its proceedings until the conclusion of all four reexaminations.

Given the clear efficiency gains and lack of prejudice, Vederi and Google ask that the Court stay this appeal and cross-appeal pending resolution of the other three related reexamination proceedings. In the alternative, if the Court prefers not to wait for Reexamination No. 95/000,682, it should at least wait until the Board decides the appeals in Reexamination Nos. 95/000,683 and 95/000,684, which were argued more than a month ago and may be decided on any day. In the mean-

while, if the Court deems it appropriate and helpful, the parties would be pleased to file periodic reports on the status of the pending reexaminations at whatever interval would be most useful to the Court.

        Respectfully submitted,

        /s/ Daryl L. Joseffer

| | |
|---|---|
| David A. Dillard | Daryl L. Joseffer |
| Robert Alan Green |   *Counsel of Record* |
| Shaun Philip Lee | KING & SPALDING LLP |
| LEWIS ROCA ROTHGERBER | 1700 Pennsylvania Ave., NW |
|   CHRISTIE LLP | Washington, D.C. 20006 |
| Suite 2300 | Telephone: (202) 737-0500 |
| 655 North Central Avenue | Facsimile: (202) 626-3737 |
| Glendale, CA 91203 | djoseffer@kslaw.com |
| | |
| *Counsel for Vederi, LLC* | Adam M. Conrad |
| | KING & SPALDING LLP |
| | 100 N. Tryon St., Suite 3900 |
| | Charlotte, NC 28202 |
| | Telephone: (704) 503-2600 |
| | Facsimile: (704) 503-2622 |
| | aconrad@kslaw.com |
| | |
| | *Counsel for Google Inc.* |

June 2, 2016

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and Fed. Cir. R. 25, I certify that on June 2, 2016, I served a copy of the foregoing document electronically on all registered counsel through the Court's CM/ECF system.

                                          /s/ Daryl L. Joseffer
                                          Daryl L. Joseffer